```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HADIQIA McQUEEN, ALONDA BROWNE,
DAYQUAN BULLOCK, and
S.S.-M, Minor,

                        Plaintiffs,                               ORDER

        -against-                                                 24-CV-8596 (LDH)(LB)

SGT DS RAYMOND TOMINS, DT3
ROBERT KOEHLER, JOHN DOE WITNESS
OFFICER(S), PO EDGAR RAMIREZ, PO
MALKA RAUL, PO RYAN RAMOS, PO
SHANEL BURGHER, LT SHENA
RICHARDS, PO BERVENS HYPPOLITE,
NYS DOCCS INV. THOMAS KAM, US
MARSHALS CRIMINAL INVESTIGATOR
SANDY RAO, DT3 HARRY HUGHES, and
DT3 PEDRO NIEVES,

                        Defendants.
----------------------------------------------------------x
```

LaSHANN DeARCY HALL, United States District Judge:

Plaintiffs Hadiqia McQueen, Alonda Browne, Dayquan Bullock, and S.S.-M., a minor,[1] proceeding pro se, commenced this action on December 13, 2024. (Compl., ECF No. 1.) However, Plaintiffs failed to either pay the filing fee or seek a waiver of the fee by filing an application to proceed *in forma pauperis* ("IFP"). By letters dated December 17, 2024, the Clerk of Court informed Plaintiffs that they must file an IFP application or pay the filing fee within 14 days in order to proceed with this action. (*See* Notices of Deficient Filing, ECF Nos.

---

[1] Minors may not proceed in a court action without counsel. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("A minor or incompetent person normally lacks the capacity to bring suit for himself." citing N.Y. C.P.L.R. 1201). In New York State, a plaintiff must be at least 18 years of age in order to proceed on his or her own behalf. *See* N.Y. C.P.L.R. 105. Moreover, a non-attorney parent or legal guardian cannot represent his or her child or ward. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Accordingly, S.S.-M. is dropped from this Complaint without prejudice to rejoining if represented by counsel.

2-4.)  On January 29, 2025, the Court received IFP applications from Plaintiffs Hadiqia McQueen, Alonda Browne, and Dayquan Bullock.  (ECF Nos. 6-8.)  However, the applications do not contain sufficient information for the Court to determine whether they are entitled to proceed IFP, as each application claims zero income, assets, and expenses.  *See Id.*

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional cost of $55, for a total fee of $405.  Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff to be indigent.  A litigant qualifies to proceed IFP if he "cannot because of his poverty 'pay or give security for" the costs of filing "and still be able to provide' himself and dependents 'with the necessities of life.'"  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses.  28 U.S.C. § 1915(a)(1).  A court may dismiss a case that has been filed IFP if the court determines that the plaintiff's "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).  The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court.  *Chowdhury v. Sadovnik*, No. 17-CV-2613 (PKC), 2017 WL 4083157, at *1 (E.D.N.Y. Sept. 14, 2017) (citing *Pinede v. New York City Dep't of Env't Prot.*, No. 12-CV-06344 CBA, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.*, No. 10 CV 206 RJD LB, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)).

In this case, Plaintiffs Hadiqia McQueen, Alonda Browne, and Dayquan Bullock each state in their respective IFP applications that they have no income, assets, or living expenses. (*See* ECF Nos. 6-8.)  Yet, their Complaint claims that McQueen and Browne are leaseholders on

the apartment where the events giving rise to this litigation occurred. (Compl. at 10.)[2] The applications do not explain how Plaintiffs meet their living expenses with no assets and no income. On the basis of Plaintiffs' incomplete applications, the Court is unable to find that they are entitled to proceed IFP. Accordingly, Plaintiffs' motions for leave to proceed *in forma pauperis* are denied without prejudice. The Court directs Plaintiffs to each complete the Long Form IFP application or to pay the $405 filing fee to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order. If Plaintiffs fail either to submit completed IFP applications or to remit the filing fee within the time allowed, the action shall be dismissed without prejudice.

The Clerk of Court is requested to amend the caption to replace the full name of the minor plaintiff with initials and to dismiss that individual from this action. The Clerk is also requested to send a copy of this order to the remaining three Plaintiffs, along with copies of the Long Form IFP application.[3]

SO ORDERED.

        /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: April 23, 2025
       Brooklyn, New York

---

[2] As the Complaint includes addenda and exhibits that are not numbered, the Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

[3] A fillable version of the Long Form IFP application is also available on the Court's website at https://www.uscourts.gov/sites/default/files/ao239_1.pdf.