UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
HADIQIA McQUEEN, ALONDA BROWNE,
And DAYQUAN BULLOCK,

              Plaintiffs,

       -against-

SGT DS RAYMOND TOMINS, DT3
ROBERT KOEHLER, JOHN DOE WITNESS
OFFICER(S), PO EDGAR RAMIREZ, PO
MALKA RAUL, PO RYAN RAMOS, PO
SHANEL BURGHER, LT SHENA
RICHARDS, PO BERVENS HYPPOLITE,
NYS DOCCS INV. THOMAS KAM, US
MARSHALS CRIMINAL INVESTIGATOR
SANDY RAO, DT3 HARRY HUGHES, and
DT3 PEDRO NIEVES,

              Defendants.
--------------------------------------------------------x
LASHANN DEARCY HALL, United States District Judge:

**ORDER**

24-CV-8596 (LDH)(LB)

Plaintiffs Hadiqia McQueen, Alonda Browne, Dayquan Bullock, and S.S.-M., a minor, proceeding *pro se*, commenced this action on December 13, 2024, against SGT DS Raymond Tomins, DT3 Robert Koehler, John Doe Witness Officer(s), PO Edgar Ramirez, PO Malka Raul, PO Ryan Ramos, PO Shanel Burgher, LT Shena Richards, PO Bervens Hyppolite, NYS DOCCS Investigator Thomas Kam, US Marshals Criminal Investigator Sandy Rao, Dt3 Harry Hughes, and DT3 Pedro Nieves (collectively, "Defendants"). (Compl., ECF No. 1.) Because minors may not proceed in a court action without counsel, the Court dismissed S.S.-M. from the action without prejudice to rejoining should he seek to do so while represented by counsel. (April 23, 2025 Order, ECF No. 10.)

On May 19, 2025, a non-party, Gerald Mobley, filed a letter requesting that he be appointed guardian *ad litem* for S.S.-M., stating that he is the biological father and legal guardian of S.S.-M.

and that he is competent and willing to act in S.S.-M.'s best interests in this case.  (Letter, ECF No. 14.)  That same day, S.S.-M. submitted an application requesting that the Court provide *pro bono* counsel for him, but this application was not signed and appears not to have been completed by S.S.-M.  (*See id.*)

Rule 17(c) of the Federal Rules of Civil Procedure provides for the representation of a litigant's interests where the litigant is incapable of pursing their own interests because of infancy or incompetency.  The Rule distinguishes between two categories of minors and incompetent persons seeking to file suit: (1) where the minor or incompetent person has a representative, and (2) where the minor or incompetent person does not have a representative.  Fed. R. Civ. P. 17(c). Where the minor or incompetent person has a general guardian or other fiduciary who can sue or defend on behalf of them, that fiduciary is authorized to represent the minor or incompetent person's interests in a lawsuit.  Fed. R. Civ. P. 17(c)(1).  Where the minor or incompetent person does not already have an appropriate representative, the minor or incompetent person may sue by a next friend or by a guardian *ad litem*.  Fed. R. Civ. P. 17(c)(2).

In this case, Mr. Mobley claims that he is the father and legal guardian of S.S.-M. and that he is able and willing to represent his son's interests.  If that is the case, and if there is no conflict of interest with respect to his intended representation of his son's interests, he may sue on behalf of his son as a general guardian, and no guardian *ad litem* need be appointed.  *See* Fed. R. Civ. P. 17(c)(1)(A); *Weaver v. New York City Employees' Ret. Sys.*, No. 88 CIV. 2662 (MBM), 1988 WL 85480, at *1 (S.D.N.Y. Aug. 11, 1988) ("Under [Rule 17(c)], the courts have consistently recognized that they have inherent power to appoint a guardian *ad litem* when it appears that the . . . general representative has interests which may conflict with those of the person he is supposed to represent." (quoting *Hoffert v. General Motors Corp.,* 656 F.2d 161, 164 (5th Cir.1981)).

However, Mr. Mobley may not proceed *pro se* as his son's legal representative by appearing on behalf of his son in court proceedings. While a general guardian or guardian *ad litem* may sue or defend on behalf of a minor, including making strategic decisions such as whether to settle or withdraw a case, a non-attorney guardian may only appear in court papers or proceedings through an attorney. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Accordingly, the Court directs Mr. Mobley to file a letter within 30 days that:

(1) affirms that Mr. Mobley has legal custody of S.S.-M., and thus, is capable of proceeding as his guardian;
(2) affirms that Mr. Mobley does not have a financial or personal interest in the outcome of this lawsuit that is separate from and adverse to his son's interest;
(3) describes the efforts Mr. Mobley has made to seek counsel to represent his son; and
(4) attaches a fully executed application requesting that the Court attempt to find *pro bono* counsel to represent his son, which must also include the requested financial information. The application is available on the Court's website at https://img.nyed.uscourts.gov/files/forms/Application%20for%20counsel.pdf.

Should counsel be found to represent S.S.-M., such counsel shall submit a notice of appearance and request that S.S.-M. be returned as a plaintiff in this action. Until then, Mr. Mobley's request to be appointed as guardian *ad litem* and S.S.M.'s request for *pro bono* counsel are denied.

In the meantime, this action will proceed as to the three adult Plaintiffs. The Court grants the in forma pauperis ("IFP") applications of Plaintiffs Hadiqia McQueen, Alonda Browne, and Dayquan Bullock ("Plaintiffs") pursuant to 28 U.S.C. § 1915. (*See* IFP Applications Received

5/15/25, ECF Nos. 11, 12, 13.)  Plaintiffs and Mr. Mobley may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.  Irrespective of whether such contact is made, Plaintiffs and Mr. Mobley are reminded of their responsibility to redact the full name of any minors in court filings, pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully requested to prepare a summons for Defendants.  In addition, the Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiffs at 1774 A Sterling Place, Brooklyn, NY 11233 and to Mr. Mobley at 345 Classon Avenue # 18E, Brooklyn, NY 11205.  The United States Marshals Service is respectfully requested to serve the summons prepared by the Clerk of Court, Plaintiffs' Complaint, and a copy of this Order upon the Defendants without prepayment of fees.

SO ORDERED.

Dated: Brooklyn, New York           /s/ LDH
      July 22, 2025                        LASHANN DEARCY HALL
                                      United States District Judge