UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

x------------------------------------------------------------------- x

HADIQIA MCQUEEN, ALONDA BROWNE,
DAYQUAN BULLOCK AND S.S-M
(a minor)

                                          Plaintiffs,

                                                           **AMENDED COMPLAINT**

            -against-                                          **24-CV-8596**
                                                              **(LDH) (CHK**

                                                           **JURY TRIAL DEMANDED**

SGT DS RAYMOND TOMINS, DT3 ROBERT
KOEHLER, JOHN DOE WITNESS OFFICER(S),
PO EDGAR RAMIREZ, PO MALKA RAUL,
PO RYAN RAMOS, PO SHANEL
BURGHER, LT SHENA RICHARDS,
PO BERVENS HYPPOLITE, NYS DOCCS INV.
THOMAS KAM, US MARSHALS CRIMINAL
INVESTIGATOR SANDY RAO, DT3 HARRY HUGHES,
DT3 PEDRO NIEVES, and THE CITY OF NEW YORK,

                                          Defendants.

x-----------------------------------------------------------------------x

        Plaintiffs Hadiqia McQueen, Alonda Browne, Dayquan Bullock and S.S-M (a minor), by

their attorney Daniel Ackman, as and for their amended complaint, allege as follows:

        1.        This action concerns the unconstitutional invasion of a home occupied by

plaintiffs by New York City Police Department (NYPD) officers and by Federal Marshals, and

the unprovoked assault against some of its occupants, none of whom were being sought for

arrest. This action arises under 42 U.S.C. § 1983 and alleges constitutional violations by law-

enforcement officers. Defendants' actions violated plaintiffs' Fourth and Fourteenth Amendment

as well as the violation of plaintiffs' rights under New York law.

2.      This Amended Complaint is derived primarily from a redacted  NYC Civilian Complaint Review Board (CCRB) Investigative Recommendation dated October 19, 2022, which is in turn based on allegations by collected by Mr. Gerald Mobley, a non-complaining witness and of testimony the plaintiffs to the CCRB.

**NATURE OF THE ACTION**

3.      Early in the morning on December 13, 2021, plaintiffs were all at home in Apartment 4F of an apartment house on 2041 Pacific Street, Brooklyn, New York, a four-story apartment building (the apartment).

4.      McQueen, and Browne, who are mother and daughter, respectively, along with Dayquan Bullock, and S.S-M who is the son of Mr. Mobley and who was ten years old at the time of the incident described below, all resided at the apartment.

5.      The officer and marshals included Sgt. Raymond Tomins, Det. Robert Koehler, Criminal Investigator Sandy Rhao of the United States Marshals Service, Investigator Thomas Kam of the New York State Department of Corrections and Community Supervision and additional, unidentified personnel from the United States Marshals Service. Also present were Det. Pedro Nieves and Det. Harry Hughes.

6.      At approximately 9:40 AM, police officers knocked loudly on the apartment door without announcing their identities. Mr. Bullock, who had been sleeping on a couch the living room answered the door but was unable to look through the peephole, which had been taped over.  Mr. Bullock had no conversation with anyone outside the door, but he did unlock it. Mr. Bullock saw approximately ten officers in the hallway, some with large ballistic shields, but had no conversation with them.

7.      An officer wearing a vest marked "Marshals" pulled Mr. Bullock into the hallway, where Mr. Bullock remained throughout the following interactions. Approximately five or six officers then entered the apartment without asking permission and without presenting a warrant that might have authorized their entry without any of the residents' permission.

8.      Ms. Browne heard loud banging in the living room, exited her bedroom and moved down the hallway toward the living room, where she saw approximately seven or eight male, plainclothes officers in the living room, all in plainclothes and wearing bulletproof vests. Some officers' vests and ballistic shields were marked NYPD, and others were marked "US Marshals."

9.      It later became apparent that the officers lacked a warrant, such as a search warrant, that might have permitted their entry. The officers had obtained a parole warrant, authorizing the arrest of a parolee who was visiting the apartment at the time, but who did not reside there and never had resided there.

10.     The parolee was at the time Ms. McQueen's boyfriend, who was visiting that morning. But the parolee did not reside and had never resided there at the apartment. He also had never listed the apartment as his residence and had no intention of staying there.

11.     Approximately six officers, both NYPD and federal marshals, some with ballistic shields, entered the apartment.

12.     Two officers remained in the hallway. Other climbed stairways and stood watch on the building's roof.  At least one additional office stood guard outside the building.

13.     Two other officers entered Ms. McQueen's and Ms. Browne's bedrooms.

14.     Two officers pointed guns at the parolee and at Ms. McQueen.

15. The officers detained plaintiffs at the apartment even though none was placed under arrest.

16. Officers, without warning, slammed Ms. Browne and Mr. S-M to the floor, though neither engaged in any threatening behavior. Both suffered bruising and were treated at an emergency room. These actions constituted assault under New York law.

17. The officers quickly apprehended the parolee, who made no effort to escape the apartment.

18. After apprehending and handcuffing the parolee, the officers continued to search the apartment, looking under beds and in closets.

19. Neither Sgt. Tomins nor Det. Koehler provided a business card to Ms. Browne.

20. None of the officers or marshals participating in the action wore body-worn cameras.

21. None asked for or received permission or consent to enter the apartment. None had a search warrant for the apartment. Nor did any attempt to obtain a search warrant for the apartment.

22. There were no exigent circumstances that would have permitted any of the officers to enter the apartment.

23. The officers were not responding to any allegation of threat of violent crime.

24. No other civilian was arrested or issued any summons.

### JURISDICTION AND VENUE

25. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

4

26.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(4), 1367, and 2201.

27.     Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this District and because the events giving rise to the claims occurred in this District.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 – Fourth Amendment – Warrantless Search)

27.     Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

28.     The warrantless entry into and search of Plaintiffs' apartment violated the Fourth Amendment to the United States Constitution.

29.     The warrantless search of Plaintiffs' apartment violated the Fourth Amendment to the Constitution.

30.     The warrantless search of Plaintiffs' apartment was unreasonable and was not justified.

31.     Defendants conducted a search of the apartment in which plaintiffs had a reasonable expectation of privacy

32.     No valid warrant and no exigent circumstance permitted the entry into or search of the apartment.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth Amendment – Excessive Force)

33.     Plaintiffs hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

34.     Defendant Koehler pointed his gun at Ms. McQueen despite her posing no threat to any of the officers.

35.     One of the defendants, without warning and without cause, slammed Ms. Browne to the floor, though had not engaged in any threatening behavior.

36.     Another defendant pushed Mr. S-M into a wall and then to the floor, also despite the fact that he had not engaged in any threatening behavior.

37.     Both Ms. Browne and Mr. S-M were treated for their injuries at a local hospital, though neither was admitted.

38.     In addition to their physical injuries, Ms. Browne and Mr. S-M suffered emotional and psychological trauma.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief as follows:

(a)     That the Court issue a Declaration that the entry into the apartment was unconstitutional and unlawful;

(b)     That the Court issue a Declaration that the physical assaults of plaintiffs were unconstitutional and unlawful;

(c)     That the Court award money damages to plaintiffs;

(d)     That the Court award punitive damages against individual defendants;

(e)     That the Court award pre- and post-judgment interest as provided by law;

(f)     That the Court award reasonable attorney's fees and costs.

## JURY DEMAND

Plaintiffs demand a jury trial.


Dated: New York, New York
      July 12, 2026

_/s/ Daniel L. Ackman_

Daniel L. Ackman

1 Liberty St,  23rd floor
New York, NY 10006
d.ackman@comcast.net
Tel: (917) 282-8178